NOT FOR CITATION

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| KEVIN COOPER,<br><br>    Plaintiff,<br><br>    v.<br><br>RICHARD A. RIMMER, Acting Director of the California Department of Corrections, and JEANNE S. WOODFORD, Warden of California State Prison at San Quentin,<br><br>    Defendants. | Case Number C 04 436 JF<br><br>DEATH PENALTY CASE<br><br>ORDER DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND FOR EXPEDITED DISCOVERY<br><br>[Docket Nos. 3 & 6] |

Plaintiff Kevin Cooper moves for a temporary restraining order or preliminary injunction and for expedited discovery. Defendants Richard A. Rimmer, Acting Director of the California Department of Corrections, and Jeanne S. Woodford, Warden of California State Prison at San Quentin, oppose the motions. The Court has read the moving and responding papers and has considered the oral arguments of counsel presented on Thursday, February 5, 2004. For the reasons set forth below, the motions will be denied.

## I. BACKGROUND

Plaintiff has been sentenced to death. He is scheduled to be executed by lethal injection just after midnight on Tuesday, February 10, 2004. On Monday, February 2, 2004, Plaintiff filed the present action pursuant to 42 U.S.C. § 1983 (2004). Plaintiff seeks injunctive relief to

prevent Defendants from executing him pursuant to California's lethal injection protocol because he contends that lethal injection performed pursuant to that protocol inflicts unnecessary pain and torture in violation of his Eighth Amendment right to be free from cruel and unusual punishment.

## II. LEGAL STANDARD

As a general rule, a party seeking a preliminary injunction must show either (1) a likelihood of success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and the balance of hardships tipping in the movant's favor. See Roe v. Anderson, 134 F.3d 1400, 1401-02 (9th Cir. 1998); Apple Computer, Inc. v. Formula Int'l, Inc., 725 F.2d 521, 523 (9th Cir. 1984). These formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. See Roe, 134 F.3d at 1402.

## III. DISCUSSION

### A. Jurisdiction

Defendants contend that Plaintiff should have filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2004) rather than a civil rights action pursuant to 42 U.S.C. § 1983 (2004) to challenge California's lethal injection protocol. The question as to which of these statutes provides the proper means for raising a challenge to a method of execution presently is before the United States Supreme Court in Nelson v. Campbell, cert. granted, 124 S.Ct. 835 (2003). However, the United States Court of Appeals for the Ninth Circuit, whose precedent is controlling in this case pending the decision in Nelson, has held that "a challenge to a method of execution may be brought as a § 1983 action." Fierro v. Gomez, 77 F.3d 301, 305-06 (9th Cir.), vacated on other grounds, 519 U.S. 918 (1996). Accordingly, this Court has jurisdiction over Plaintiff's claims pursuant to § 1983.

### B. Undue Delay

Although Plaintiff has been seeking review of his conviction and death sentence in state and federal courts for more than a decade, he filed the instant challenge to California's lethal

2

injection method of execution only eight days prior to his scheduled execution date. Plaintiff's explanation for the delay, which includes alleged failures in representation by prior counsel, difficulty in securing appointment of new counsel, new counsel's competing responsibilities in preparing a clemency petition and conducting investigations, and an alleged ripeness bar to an earlier presentation of his claims, does not establish cause under applicable law for his failure to raise this challenge at an earlier time. See Gomez v. U.S. Dist. Ct. N.D. Cal., 503 U.S. 653, 653-54 (1992) (holding that a court may consider the last-minute nature of an application to stay execution in deciding whether to grant equitable relief).

Although the Court does not doubt the truth of new counsel's representations, it is evident that Plaintiff, who has been and is being assisted by a number of different lawyers and legal organizations, had sufficient legal resources to bring the present action sooner. In the last month alone, the United States Supreme Court has declined to grant or has vacated stays granted to death row inmates filing last-minute challenges to lethal injection. See, e.g., Vickers v. Johnson, No. 03A633, 2004 WL 168080 (U.S. Jan. 28, 2004) (stay of execution denied); Zimmerman v. Johnson, No. 03A606, 2004 WL 97434 (U.S. Jan. 21, 2004) (same); Beck v. Rowsey, 124 S.Ct. 980 (Jan. 8, 2004) (stay of execution vacated). Absent a compelling justification for bringing this action at the eleventh hour, such as a material change in the applicable law or factual circumstances or an exceptionally strong showing on the merits, this Court may not simply ignore such clear guidance from the Supreme Court. Moreover, such challenges inappropriately force the Court to make an otherwise unnecessary choice between orderly consideration of the plaintiff's claims and "the state's interest in the finality of convictions that have survived direct review in the state court system." See Calderon v. Thompson, 523 U.S. 538, 555 (1998).[1]

---

[1] While the stated objective of the present action is to address alleged deficiencies in California's lethal injection protocol, the timing of its filing reasonably suggests that an equally important purpose of the action is to stay Plaintiff's execution so that Plaintiff may continue to pursue claims going to the validity of his conviction.

3

Case No. C 04 436 JF
ORDER DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND FOR EXPEDITED DISCOVERY
(DPSAJBDVGGOK)

### C. Merits

The Eighth Amendment prohibits punishments involving "unnecessary and wanton infliction of pain," Estelle v. Gamble, 429 U.S. 97, 103 (1976) (internal quotation marks and citations omitted), or that are inconsistent with "evolving standards of decency that mark the progress of a maturing society," id. at 102 (internal quotation marks and citations omitted). Punishments involving "torture or a lingering death" violate the Eighth Amendment, In re Kemmler, 136 U.S. 436 (1890), and when analyzing a particular method of execution, it is appropriate to focus "on the objective evidence of the pain involved," Fierro, 77 F.3d at 306 (citing Campbell v. Wood, 18 F.3d 662, 682 (9th Cir.), cert. denied, 511 U.S. 1119 (1994) (concluding that hanging, when conducted under the state of Washington's protocol, did not constitute cruel and unusual punishment)).

Plaintiff maintains that the three-drug protocol[2] used for executions in California will subject him to an unreasonable risk of unnecessary pain. Specifically, Plaintiff alleges that the use of the paralytic agent pancuronium bromide (the second drug administered, also known as Pavulon) is inhumane. According to Plaintiff and his experts, Pavulon prevents movement and thus prevents observers from knowing whether the condemned person is experiencing great pain. Plaintiff also alleges that the anesthesia used in execution, sodium pentothal, is short-acting and unreliable. Finally, Plaintiff alleges that the protocol as a whole is vague and without adequate safeguards, pointing to previous executions in which prisoners may have died a painful death.

Even if Plaintiff's delay in bringing this action were to be ignored or excused, this Court would find and conclude that Plaintiff has not met his burden of demonstrating either the likelihood of success on the merits or the existence of serious questions going to the merits. While thirty-seven states and the federal government authorize lethal injection as a method of execution, not a single court has held that lethal injection violates the Eighth Amendment. To

---

[2]Stated simply, the protocol involves the administration of an anesthetic intended to render the prisoner unconscious, followed by a paralytic to prevent involuntary movement, followed by potassium chloride, which stops the prisoner's heart.

4

Case No. C 04 436 JF
ORDER DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION
AND FOR EXPEDITED DISCOVERY
(DPSAJBDVGGOK)

the contrary, every state and federal court that has considered the issue has concluded that lethal injection is constitutional. See, e.g., LaGrand v. Lewis, 883 F. Supp. 469, 470-71 (D. Ariz. 1995) (citing cases), aff'd, 133 F.3d 1253 (9th Cir.), cert. denied, 525 U.S. 971 (1998); People v. Snow, 65 P.3d 749, 800-01 (Cal.), cert. denied, 1245 S.Ct. 922 (2003); Poland v. Stewart, 117 F.3d 1094, 1105 (9th Cir. 1997), cert. denied, 523 U.S. 1082 (1998) (finding petitioner had failed to demonstrate that Arizona's lethal injection protocol would violate his constitutional rights).[3]

Further, at least two courts that have examined lethal injection protocols that, like California's, include the use of both sodium pentothal and Pavulon have held on a fully-developed record that such protocols are constitutional. See State v. Webb, 750 A.2d 448, 453-57 (Conn.), cert. denied, 521 U.S. 835 (2000); Sims v. State, 754 So.2d 657 (Fla.), cert. denied, 528 U.S. 1183 (2000). Defendants' expert also has declared that in light of the large dose of sodium pentothal administered pursuant to California's protocol there is only "approximately a 0.00006% probability that [a] condemned inmate given [the dose] would be conscious, and able to experience pain, after a period of five minutes." Defs' Ex. C at 3.

Nor has Plaintiff met his burden of showing that the use of Pavulon is inhumane and unnecessary. According to Defendants and their experts, a principal purpose of Pavulon is to stop an inmate's breathing. Plaintiff has not articulated a compelling argument that this is not a legitimate state interest in the context of an execution.

Finally, Plaintiff's argument that the lethal injection protocol used in California is unconstitutionally vague does not present a serious question going to the merits. "Written procedures are not constitutionally infirm simply because they fail to specify in explicit detail the execution protocol." LaGrand, 883 F.Supp. at 470.

While opponents of the death penalty understandably argue that no method of execution can be humane, there is ample legal authority that lethal injection also "comports with current societal norms" regarding execution. Id. at 471. As noted, virtually all states and the federal

---

[3] See also Defs.' Opp'n App. T.R.O. at 13, n.8, and cases cited therein.

5

government utilize lethal injection as a means of execution. Legislative trends towards imposing a particular punishment are relevant evidence of whether a punishment is cruel and unusual. Fierro, 77 F.3d at 306 n.4 (citing Trop v. Dulles, 356 U.S. 86, 102 (1958) (plurality opinion)).

In sum, Plaintiff has done no more than raise the possibility that California's lethal-injection protocol unnecessarily risks an unconstitutional level of pain and suffering. As he has neither demonstrated the likelihood of success on the merits nor serious questions going to the merits, he is not entitled to injunctive relief.[4]

## IV. DISPOSITION

Any case involving the death penalty inevitably raises serious moral, ethical, and legal questions about which people of good will continue to disagree. In Plaintiff's case there also appear to be questions concerning the underlying conviction that have been and continue to be the subject of impassioned debate. The present case, however, concerns the discrete question of whether Plaintiff has met the legal standard for enjoining California's use of lethal injection as a method of execution. Because the Court finds and concludes that Plaintiff has not met this standard and has delayed unduly in asserting his claims, and good cause therefor appearing, IT IS HEREBY ORDERED:

(1) Plaintiff's motion for a temporary restraining order or preliminary injunction is DENIED;

(2) Plaintiff's motion for expedited discovery is DENIED as moot.

DATED: February 6, 2004

/s/   (electronic signature authorized)
JEREMY FOGEL
United States District Judge

---

[4] Given the stark finality of the death penalty, there can be no question that Plaintiff will suffer irreparable injury in the absence of injunctive relief. However, in the Ninth Circuit, "even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits." Johnson v. California State Bd. Of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995).

Case No. C 04 436 JF
ORDER DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND FOR EXPEDITED DISCOVERY
(DPSAJBDVGGOK)

1 | Copies of Order mailed on _____ to:

2 | George A. Yuhas, Esq.
David T. Alexander, Esq.
3 | Lisa Marie Schull, Esq.
Orrick, Herrington & Sutcliffe LLP
4 | Old Federal Reserve Bank Building
400 Sansome Street
5 | San Francisco, CA  94111-3143

6 | John R. Grele, Esq.
116 New Montgomery Street, Suite 210
7 | San Francisco, CA  94105

8 | Bill Lockyer, Esq.
Robert R. Anderson, Esq.
9 | Dane R. Gillette, Esq.
Ronald S. Matthias, Esq.
10 | Holly D. Wilkens, Esq.
Office of the Attorney General
11 | 110 West A Street, Suite 1100
San Diego, CA  92101
12 | P.O. Box 85266
San Diego, CA  92186-5266
13 |
Habeas Corpus Resource Center
14 | 50 Fremont Street, Suite 1800
San Francisco, CA  94105
15 |
Federal Court Docketing
16 | California Appellate Project
101 Second Street, Suite 600
17 | San Francisco, CA  94105

18

19

20

21

22

23

24

25

26

27

28

7

Case No. C 04 436 JF
ORDER DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION
AND FOR EXPEDITED DISCOVERY
(DPSAJBDVGGOK)