1  NORMAN C. HILE (SBN 57299)
   GEORGE A. YUHAS (SBN 78678)
2  E. ANNE HAWKINS (SBN 209135)
   ALI KAZEMI (SBN 229304)
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   Old Federal Reserve Bank Building
4  400 Sansome Street
   San Francisco, California 94111-3143
5  Telephone:   415-392-1122
   Facsimile:   415-773-5759
6
   DAVID T. ALEXANDER (SBN 49996)
7  MBV Law LLP
   855 Front Street
8  San Francisco, California 94111
   Telephone:   415-781-4400
9  Facsimile:   415-989-5143

10 Attorneys for Petitioner KEVIN COOPER

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                          SAN JOSE DIVISION

14

15 | KEVIN COOPER,                              | Case No. C 04-0436 JF (PR)
16 |        Plaintiff,                          | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
17 |    v.                                      |
18 | RICHARD A. RIMMER, Director of the         | Hearing:    August 2, 2004
   | California Department of Corrections;      | Time:       9:30 a.m.
19 | JEANNE WOODFORD, Warden, San               | Courtroom:  3
   | Quentin State Prison, San Quentin, California, | Judge:   The Hon. Jeremy Fogel
20 |        Defendants.                         |

# INTRODUCTION

Since Plaintiff filed his Complaint in this action on February 2, 2004, the Ninth Circuit Court of Appeals stayed his execution and permitted him to pursue his Petition for Writ of *Habeas Corpus* in the United States District Court for the Southern District of California. With respect to Plaintiff's pending section 1983 claim, Plaintiff appealed this Court's denial of his application for a temporary restraining order to the Ninth Circuit. The Ninth Circuit upheld this Court's order. Plaintiff then petitioned the Ninth Circuit for a rehearing *en banc*, notifying that court of Plaintiff's stay of execution, and asking that given the circumstances, the Ninth Circuit vacate its order regarding the temporary restraining order on the ground that the matter is now moot. Plaintiff is awaiting a decision from the Ninth Circuit on his petition.

Defendants filed their motion to dismiss in this Court, contending for the first time in this litigation that Plaintiff has failed to exhaust his administrative remedies with regard to his several claims challenging California's method of execution by lethal injection. However, Defendants fail to identify or set forth the administrative process in which Plaintiff's challenges could have been raised, or to give any indication that an administrative process exists that would permit consideration or, let alone address, Plaintiff's challenges. Defendant cites no requirement that exhaustion be pled as part of Plaintiff's claims and in fact it is an affirmative defense.[1] Furthermore, Defendants have failed to present any obstacle to Plaintiff proceeding on his due process and First Amendment causes of action. For these reasons, Plaintiff asks that the Court deny Defendants' Motion to Dismiss his Complaint.

# ARGUMENT

I. **DEFENDANTS HAVE FAILED TO CARRY THEIR BURDEN WITH RESPECT TO THEIR EXHAUSTION OF REMEDIES AFFIRMATIVE DEFENSE**

   A. **Defendants Have Not Shown That There Is An Available Administrative Remedy**

Defendants contend that Plaintiff's Complaint should be dismissed in its entirety

---

[1] Defendants point to no administrative process pursuant to which the lethal injection procedure was adopted. At the hearing on Plaintiff's Application for Temporary Restraining Order, it appears that the procedures were selected unilaterally by the Warden with no public input.

because Plaintiff has failed to exhaust his administrative remedies. Defendants cite the Prison Litigation Reform Act of 1995, amended 42 U.S.C. § 1997e(a), which states that a prisoner exhaust "such administrative remedies as are available" before suing over prison conditions. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 121 S.Ct. 1819 (2001). Defendants' reliance on this statute overlooks a fundamental defect in its argument: there is no administrative procedure to address his grievances. Defendants have failed to show that any administrative procedure exists to address and correct Plaintiff's averments with respect to California's lethal injection procedures.

Defendants' assertion of failure to exhaust administrative remedies is an affirmative defense, which imposes a burden on Defendants to show that there is an administrative remedy or process available to the Plaintiff that would address his grievances. *See, e.g.*, *Wyatt v. Terhune*, 315 F.3d 1108, 1118 (9th Cir. 2003). Defendants have failed to present any evidence indicating that such a process exists. As the lethal injection procedure is created, adopted, and implemented by the Warden, and as it can only be changed by the Warden, administrative officials cannot remedy Plaintiff's constitutional claims. In order to be successful on their motion, Defendants must demonstrate that an administrative remedy is available. Defendants' argument that Plaintiff has not exhausted his pre-Complaint remedies, particularly where no remedy exists is completely without merit.

**B.     Challenges To Lethal Injection Procedures Are Brought Properly In Federal Court**

Defendants cite as the administrative process, the CDC's four-level administrative appeals process which permits the prisoner to grieve "any departmental decision, action condition, or policy which they can demonstrate as having an adverse affect upon their welfare." Mot. to Dismiss at 5, citing Cal. Code of Regs. tit. 15, § 3094.1(a). This general procedure for filing a grievance is not available to address a challenge to the legality of a statutorily created method of execution. Defendants cite to no cases, because none exist, where a court has ever invoked this provision to reject a challenge to the lethal injection procedures.

The inapplicability of section 3094.1(a) is evident from the Court's handling of

1  this case thus far, and in the federal courts' handling of challenges in California to execution
2  methods. In considering and ruling upon Plaintiff's application for a temporary restraining order
3  in this matter, both this Court and the Ninth Circuit determined that this case was properly before
4  the federal courts without any administrative remedies being sought.

5        Furthermore, in *Fierro v. Gomez,* 77 F.3d 301 (9th Cir. 1996), the Ninth Circuit
6  rendered another method of execution, lethal gas, unconstitutional. At no point in the *Fierro*
7  litigation was the question of administrative exhaustion considered to be a bar to the federal
8  court's review of the merits of the challenge or the court's ability to determine the matter absent
9  an administrative process. There is nothing about the procedural posture or standing of Plaintiff
10 in this case that makes the situation different from *Fierro* at the time the court considered the
11 constitutionality of lethal gas. Plaintiff's challenge to California's lethal injection procedures is
12 properly before this Court. There is no administrative process in place to address Plaintiff's
13 concerns, and absent consideration in this Court, he is without recourse to assert his section 1983
14 claims. For these reasons, the Court should deny Defendants' Motion to Dismiss Plaintiff's
15 Complaint in its entirety for failure to exhaust administrative remedies.

16 **II.    PLAINTIFF HAS PROPERLY ASSERTED A CLAIM FOR VIOLATION OF HIS
17           RIGHT TO DUE PROCESS**

18       In Count II of the Complaint, Plaintiff alleges that California's lethal injection
19 procedures violate his rights under the due process clause of the Fourteenth Amendment of the
20 United States Constitution. Complaint ¶¶ 25-28. Specifically, Plaintiff alleges that the protocol
21 was improperly formulated without public review, pursuant to arbitrary procedures, dictated by
22 the Warden without review by any legislative body. The method calls for the arbitrary use of a
23 neuromuscular blocking agent, pancuronium bromide (aka "Pavulon"), which serves no
24 legitimate purpose and chemically veils the brutality of the process, and has been rejected after
25 public input for the euthanasia of non-livestock animals. *Id.* at ¶ 26. Accordingly, the protocol
26 is illegal under applicable mandatory administrative provisions contained in California's statutes
27 and regulations. *Id.* at ¶ 27.
28       Defendants contend that Count II fails to state a claim for which relief can be

granted because the claim must be brought under the specific Eighth Amendment prohibition against cruel and unusual punishment. Mot. to Dismiss at 3. Count II, however, addresses an issue entirely separate from the lethal injection protocol itself. As stated, Count II challenges the actual process of designing, developing, and implementing California's lethal injection procedure. While Count I alleges that California's lethal injection procedure, and the use of pancuronium bromide in the execution process is cruel and unusual in violation of the Eighth Amendment, Count II alleges that the actual procedure used to develop the protocol itself is illegal, and thus violates the Fourteenth Amendment.

As set forth in Plaintiff's Complaint, there are numerous aspects of the lethal injection procedure that violate California laws, including the California Administrative Procedures Act, the California Business and Professions Code, the California Penal Code, and the California Uniform Controlled Substances Act. All of these violations establish a cause of action under the Fourteenth Amendment's requirement that a plaintiff must allege that "a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare." *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (internal citations omitted). The action and procedures taken by the California Department of Corrections and the Warden in adopting California's lethal injection procedures are at issue by Plaintiff's second claim for relief. This claim is distinct from Plaintiff's first claim for relief which alleges that implementing the protocol is cruel and unusual. For these reasons, Plaintiff has stated a claim with respect to Count II, and the Court should deny Defendants' motion to dismiss this claim.

### III. PLAINTIFF HAS PROPERLY STATED A CLAIM FOR VIOLATION OF HIS RIGHT TO HAVE ACCESS TO THE COURTS

In Count III of the Complaint, Plaintiff alleges that the CDC's lethal injection protocol violates his rights under the First, Eighth and Fourteenth Amendments of the United States Constitution, to have access to the courts and other remedies to protect his right not to be subjected to cruel and unusual punishment because the protocol requires the use of Pavulon, which creates a chemical veil over the execution. Complaint ¶¶ 29-32. The crux of Plaintiff's

argument is that there is a right to a public viewing of executions so that it may be determined whether or not the methods are humane, as required under the law. The use of pancuronium bromide, a muscle relaxant, in the procedure, masks the inmate's reactions, thereby creating a chemical veil equivalent to a physical curtain being placed over the execution chamber. *Id.* at ¶ 32.

In 2002, the Ninth Circuit addressed the issue of a physical veil over the execution chamber in *California First Amendment Coalition v. Woodford*, 299 F.3d 868 (9th Cir. 2002). In that decision, the Ninth Circuit held that the public has a First Amendment right to view the execution process. *Id.* at 877. Because of this right, prisons could not cover the execution chamber with a physical curtain, and prevent witnesses from viewing the entire procedure. The Oregon Supreme Court addressed the same issue and reached the same result. *Oregon Newspaper Publishers Ass'n v. Oregon Dept. of Corrections*, 988 P.2d 359, 364 (Ore. 1999).

The use of pancuronium bromide in the lethal injection procedure renders the inmate's muscles unable to contract, but does not affect the brain or the nerves. In other words, the inmate retains the ability to feel pain, but because his voluntary muscles have been paralyzed, he loses the ability to communicate that pain to the outside world. By using pancuronium bromide, the prison has placed a chemical veil over the inmate, no different than the physical curtain found unconstitutional by the Ninth Circuit.

Defendants argue in their motion to dismiss that the public right of access to executions is not implicated by the choice of substance for lethal injections. Mot. to Dismiss at 4. Defendants' argument creates a distinction without a difference. In discussing the public policy behind public executions, the Ninth Circuit stated that there is a need for the public to observe a condemned inmate's "*demeanor* as he enters the execution chamber ... and *realizes* that the saline solution has begun to flow" and whether he "*experienced pain* as a result of ... complications." *California First Amendment Coalition*, 299 F.3d at 883 (emphasis added). The physical curtain prevented this type of viewing, and it was thus found unconstitutional. Pancuronium bromide creates a chemical veil that prevents the exact same type of viewing. By

using pancuronium bromide in the lethal injection procedure, the public's right of access to executions is most certainly implicated. There is no difference between the challenge presented in *California First Amendment Coalition*, and that presented by Plaintiff here. For this reason, the Court should deny Defendants' motion to dismiss Claim III of Plaintiff's Complaint.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss Plaintiff's Complaint.

Dated: July 7, 2004

NORMAN C. HILE
GEORGE A. YUHAS
E. ANNE HAWKINS
ALI KAZEMI
ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ E. Anne Hawkins*
E. Anne Hawkins
Attorneys for Plaintiff
KEVIN COOPER