**JOHN R GRELE**
Attorney at Law
116 New Montgomery Street, Suite 210
San Francisco, CA 94105
Telephone: 415-348-9300    Facsimile: 415-348-0364

August 22, 2004

Honorable Jeremy Fogel
United States District Judge
United States District Court
280 South First Street
San Jose, CA 95133

      Re: *Cooper v. Rimmer*, docket no. C 04-0436 JF

Your Honor:

      Before the Court is respondent's motion to dismiss the complaint for failure to exhaust administrative remedies under California Administrative Code, Title 15. As with all motions to dismiss, respondent bears the burden of establishing this defense. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In the context of the Prison Litigation Reform Act, respondent must show that there is an available administrative remedy, i.e., that the grievance tribunal has authority to take some action in response to an inmate's complaint, whether or not it is the type of action requested. *Booth v. C.O. Churner*, 532 U.S. 731, 734 & n.4 (2001). This burden requires respondent to propound a declaration stating what appeals process is available. *Wyatt v. Terhune*, 315 F.3d at 1120.

      In response, plaintiff raised several arguments: (1) the inapplicability of Title 15 to lethal injection's procedure as a Warden's process; (2) the lack of a proper affidavit establishing that Title 15 is available; (3) respondent's waiver of the defense by failing to allege non-exhaustion prior to appeal and explicit statements in this Court and in the Ninth Circuit that exhaustion was not required; (4) Title 15, section 3084.3(c)(3)'s express proscription against any administrative action concerning any "anticipated action" such as the execution by lethal injection; (5) respondent's statement that plaintiff had no right to review of the process in response to a request for review; and, (6) the requirement that plaintiff await assignment of lethal injection before being able to litigate, forcing last-minute injunctive relief litigation that precludes administrative review. *See Fierro v. Terhune*, 147 F.3d 1158 (9th Cir. 1998); *Jackson v. District of Columbia*, 254 F.3d 262, 268 (D.C. Cir. 2001) (injunctive relief available to allow for exhaustion).[1]

---

[1] In California, that point arises after the setting of an execution date, after the warrant is read to the prisoner, and 10 days later when lethal injection is assigned. This could be as little as 15 days prior to execution, or as many as 45 days.

The Honorable Jeremy Fogel
August 23, 2004
Page 2

At the request of respondent, the Court has requested further briefing on another of petitioner's arguments: that the petition for *en banc* review of the denial of a preliminary injunction precludes dismissal of the action for failure to exhaust. The general rule is that the filing of a notice of appeal of an interlocutory order divests the district court of jurisdiction. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58-61 (1982); *Natural Resources Defense Council, Inc. v. Southwest Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001).

> When a proper notice of appeal has been timely filed, the general rule is that jurisdiction over any matters involved in the appeal is immediately transferred from the district court to the court of appeals. *G & M, Inc. v. Newbern*, 488 F.2d 742, 746 (9th Cir. 1973); *Hoffman, etc. v. Beer Drivers & Salesmen's, etc.*, 536 F.2d 1268, 1276 (9th Cir. 1976); *Petrol Stops Northwest v. Continental Oil Co.*, 647 F.2d 1005, 1010 (9th Cir. 1981). The district court is divested of authority to proceed further with respect to such matters, except in aid of the appeal, or to correct clerical mistakes, or in aid of execution of a judgment that has not been superseded, until the mandate has been issued by the court of appeals. *G & M*, 488 F.2d at 746, citing 9 Moore, Federal Practice P 203.11; *see also Bailey v. Henslee*, 309 F.2d 840, 844 (8th Cir. 1962). While this "rule is not a creature of statute and is not absolute in character," *Hoffman*, 536 F.2d at 1276, "(i)t is judge-made doctrine designed to avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time." 9 Moore, Federal Practice P. 203.11 n.1.

*Matter of Thorp*, 655 F.2d 997, 998 (9th Cir. 1981).

Respondent nonetheless asserts that an exception applies such that an underlying action may be dismissed while an appeal from a preliminary injunction is pending. First, respondent cites to *California Dep't of Toxic Substances v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1121 (9th Cir. 2002), for the proposition that the general rule does not divest the court of subject matter jurisdiction. However, this proposition only goes so far, because as noted in that very same opinion, the "general rule, however, refers discretely to a loss of jurisdiction over *those aspects of the case involved in the appeal.*" 309 F.3d at 1121 (emphasis added); *see also Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) ("In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal.").

Respondent's reliance on *Plotkin v. Pacific Tel. and Tel. Co.*, 688 F.2d 1291 (9th Cir. 1982), for the proposition that a merits denial is permissible during a pending appeal, is similarly misplaced. As that case recognized, "an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with *other phases of the case.*" 688 F.2d at 1193 (emphasis added). The limitation on the exception cited by respondent was noted in *Mayweathers v.*

The Honorable Jeremy Fogel
August 23, 2004
Page 3

*Newland*, 258 F.3d 930, 935 (9th Cir. 2001):

> The district court retains jurisdiction during the pendency of an appeal to act to preserve the status quo." *Natural Resources Defense Council Inc. v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (citations omitted). Rule 62(c) " 'does not restore jurisdiction to the district court to adjudicate anew the merits of the case.' " *Id.* (quoting *McClatchy Newspapers v. Central Valley Typographical Union No. 46*, 686 F.2d 731, 734 (9th Cir. 1982)). The district court's exercise of jurisdiction should not "materially alter the status of the case on appeal." *Id.* (citation omitted).

Some commentators have noted a circuit disagreement and advocated a practical approach that allows the district court to proceed with a merits adjudication once the grant or denial of a preliminary injunction is appealed, despite the language in Rule 62(c). *See* 16 Wright & Miller, *Federal Practice and Procedure: Jurisdiction and Related Matters*, §3921.2 (2d ed. 2004). The Ninth Circuit disallows district court litigation in some instances. *See Flynt Distributing Co., Inc. v. Harvey*, 734 F.2d 1389, 1392 n.1 (9th Cir. 1984); *California ex rel. Van De Kamp v. Tahoe Regional Planning Agency*, 734 F.2d 1319, 1322 (9th Cir. 1985). Those cases that appear to allow merits litigation do so when such litigation can inform the issues pending appeal, and there is little harm to a litigant, because the appellate court can always consolidate the merits adjudication with the pending appeal of the preliminary injunction. *See DePinto v. Provident Sec. Life Ins. Co.*, 374 F.2d 50, 51 n.2 (9th Cir. 1967). In fact, that was the very assumption in *Plotkin*, and would have been allowed had the plaintiff separately appealed the summary judgment order. *Plotkin v. Pacific Tel. and Tel. Co.*, 688 F.2d at 1293.

In practical terms, the cases permitting district court litigation required an evaluation of how much and to what extent a proposed district court action would interfere with the appellate process. Both the Supreme Court and the Ninth Circuit have noted the mischief that arises from a belated exhaustion defense while the matter is on appeal. *See Granberry v. Greer*, 481 U.S. 129, 132 (1987) ("it seems unwise to adopt a rule that would permit, and might even encourage, the State to seek a favorable ruling on the merits in the district court while holding the exhaustion defense in reserve for use on appeal if necessary"); *Boardman v. Estelle*, 957 F.2d 1523, 1535 (9th Cir. 1992). Here, respondent made a conscious choice to waive the defense in response to this Court's inquiry and in the Ninth Circuit.

In an attempt to claim the limited exception to the general prohibition of district court litigation, respondent argues that a motion to dismiss for non-exhaustion is a separate, other aspect of the litigation than the issues before the Ninth Circuit, and is therefore permissible. However, in arguing that petitioner desires the *en banc* court vacate the panel's opinion as moot, respondent concedes that his requested dismissal would moot the matter pending before the *en*

The Honorable Jeremy Fogel
August 23, 2004
Page 4

*banc* panel. In any event, it is plain that the issues of whether a district court can consider delay imposed upon a petitioner by the state as petitioner's fault in denying a stay, and whether lethal injection is challengeable when a petitioner establishes a history of botched executions, are questions that a dismissal of the underlying action would render unreviewable. *Doe v. Madison School Dist.*, 177 F.3d 789 (9th Cir. 1999). The requested dismissal certainly does nothing to inform the issues on appeal.

In effect, then, respondent is asking this Court to render a published decision of a Ninth Circuit panel moot on entirely different grounds than were litigated before that panel. While this might have been allowed *before* the panel's decision because petitioner could then have consolidated the issues and achieved the appellate review that is contemplated by all the cases, to do so now only creates mischief with the appeal process and would force the panel to have to grant rehearing.

One last note, much as respondent conceded exhaustion before this Court and the Ninth Circuit only to raise it now, and much as respondent argued that petitioner had delayed for years when it is respondent that insists on a system that forces last-minute litigation, respondent now notes petitioner's appellate argument that the panel's decision is moot as evidence that dismissal here is appropriate. Petitioner would have no quarrel with respondent's argument *if respondent had conceded mootness in the Ninth Circuit and joined petitioner in seeking to vacate the panel opinion.* Yet, he declined to do so. It is plain that respondent wishes to achieve a published opinion it enjoys, and insulate it from further review by attacking the merits of the underlying case before that panel's decision is considered by the *en banc* panel. Respondent has not articulated a single harm that would result from this Court's delaying a ruling on the motion to dismiss so as to allow the *en banc* panel an opportunity to review the weighty issues before it. The Court should deny respondent's motion as premature.

Thank you for consideration of the issues raised in this letter.

Respectfully submitted,

John R. Grele
Attorney for Plaintiff Kevin Cooper